RECEIVED
IN LAFAYETTE, LA.

JAN 1 1 2010

TONY R. MOORE, CLERK
BY————————
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

STEVE THIBODEAUX
*ind. and d/b/a C&B Construction*

CIVIL ACTION NO. 06-2299

VS.

KAUFMAN TRAILERS, INC.

MAGISTRATE JUDGE HANNA
BY CONSENT OF THE PARTIES

*MEMORANDUM RULING*

Before the Court is the motion for summary judgment filed by plaintiff Steve

Thibodeaux (Rec. Doc. 32) which defendant Kaufman Trailers has not opposed.  Also before

the Court is defendant's motion to dismiss for lack of jurisdiction under Rule 12(b).  For the

following reasons this case will be remanded to the 13th Judicial Court for the Parish of

Evangeline and both motions will be denied as moot.

PROCEDURAL BACKGROUND

On October 31, 2006 the plaintiff filed a "Petition to Rescind Sale and Damages" in the

13th Judicial District for the Parish of Evangeline in which he alleged he was entitled to the

return of the purchase price for a trailer manufactured by the defendant that did not meet the

specifications for deck width. (R. 1) In that petition it was alleged that the purchase price was

$15,541.60.  The plaintiff also alleged that he was entitled to all expenses associated with the

sale, attorney's fees, penalties, "redhibition damages", court costs and expenses. (R.1).

On December 8, 2006 the defendant filed a notice of removal, which counsel

represented was executed pursuant to F.R.C.P. 11, alleging that jurisdiction was premised on

28 U.S.C. §1331 because a "federal question has been plead implicitly, particularly the

Magnuson-Moss Warranty Act, 15 U.S.C. §2301, et. seq." (R.3) The plaintiff did not seek

remand. The case was scheduled for trial by jury before the district court, however,  the parties

consented to a bench trial before former Magistrate Judge Methvin. (R. 22-24) Trial was

scheduled for October 20, 2009, but at the pre-trial conference on October 9, 2009, the trial

was continued without date, the plaintiff was ordered to file a motion for summary judgment

by October 16, 2009 and the defendant was ordered to file a cross-motion for summary

judgment by October 23, 2009. The briefs were to address the issue of jurisdiction. (R. 31)

        The motion filed by the plaintiff does not address jurisdiction at all, however, it does set

forth a viable basis for ruling in the plaintiff's favor as a matter of law, which the undersigned

would do if the Court had jurisdiction, but it does not and never did. (R.32) The defendant

filed, untimely, a motion to dismiss under F.R.C.P. 12 (b) alleging that the amount in

controversy for diversity jurisdiction to exist under 28 U.S.C. §1332 had not been met. (R.35)

This was done despite the fact the defendant removed the case alleging federal question

jurisdiction under 28 U.S.C. §1331. (R.3)  Furthermore, on December 27, 2006 the plaintiff's

attorney sent a letter stating that if removal was based on diversity, he would stipulate the

damages would not exceed the $75,000.00 jurisdictional amount. (R.38)

        The undersigned was assigned the case on December 15, 2009 (R.41) and the motions

were submitted on briefs. It is clear to the undersigned that neither party addressed the

concerns over subject matter jurisdiction raised by Magistrate Judge Methvin and that the

jurisdictional amount required by the Magnuson-Moss Act 15 U.S.C. §2301 et. seq. has not

been met nor will it be met based on the evidence in the record.  Therefore, the case will be remanded to the 13th District Court for the Parish of Evangeline.

LAW AND ANALYSIS

In 1975, Congress enacted what is known as the Magnuson-Moss Warranty Act 15 U.S.C. §2301 et. Seq.  Section 2310 of that Act contains the provisions for remedies in consumer disputes. Subsection (d) of §2310 contains the jurisdictional grant and paragraph (3) of that subsection provides that jurisdiction does not exist "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in [the] suit". Further, the jurisprudence is consistent that attorneys' fees are considered "costs" within the meaning of this statute. Ansari v. Bella Automotive Group, Inc., 145 F.3d 1270 (11th Cir. 1998),  Saval v. BL Ltd., 710 F.2d 1027 (4th Cir. 1983).

The defendant removed this case, and therefore, bears the burden of proof to establish jurisdiction. Although not briefed, the Court has the obligation to raise subject matter jurisdiction *sua sponte* at any point when the propriety of the removal of a claim is in question. Tylka v. Gerber Products, Co., 211 F.3d 445, 447 (7th Cir 2000), Voelker v. Porsche Cars North America, 353 F.3d 516, 521 (7th Cir. 2003).  Based on the evidence in the record, there is no set of facts which, if proved, would result in a sum or value of over $50,000. It is the opinion of the undersigned that this case was improvidently removed and that there was no subject matter jurisdiction under 28 U.S.C. §1331 at the time of removal or ever since. Pursuant to 28 U.S.C. §1447(c), "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be  remanded". Therefore, this matter will

be remanded to the 13th Judicial District Court for the Parish of Evangeline.

4